UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSE STEPHEN SMITH,

        Plaintiff,

    v.

SHIAH, et al.,

        Defendants.

Case No. 24-cv-04939-NW

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS**

Re: ECF No. 84

On March 23, 2026, the Court ordered Plaintiff Jesse Smith to file his forthcoming third amended complaint ("TAC") by no later than March 30, 2026, and to effectuate service of the TAC by no later than April 30, 2026. ECF No. 78. Plaintiff timely filed his TAC, but he did not file the required proposed summons until April 21, 2026. *See* ECF Nos. 80-83. The Clerk issued summons the following day, April 22, 2026. Plaintiff now asks the Court to extend his time to effectuate service of summons on Defendants. ECF No. 84. According to Plaintiff, he has been "acting diligently to effectuate service," though he provides no support for this contention. *Id.*

Counsel for the County of Santa Cruz ("County Counsel") filed an opposition to Plaintiff's request. ECF No. 85. County Counsel identified itself in the opposition's signature block as "Attorneys for Defendants Officer Shiah and County of Santa Clara," though in previous filings County Counsel has also indicated that it represented Officers Ramirez and Officer Segal. ECF Nos. 43, 85 *Id.* Notably, all previously named Defendants were dismissed from this action as of the Court's Order of December 5, 2026. ECF No. 72. Because the previously dismissed Defendants do not have cause to oppose Plaintiff's request, the Court can only assume that County Counsel filed its opposition on behalf of the four newly named Defendants in the TAC; all are alleged to be law enforcement officials working for Santa Cruz County.

United States District Court
Northern District of California

Given the above, Defendants appear to be on actual notice of Plaintiff's suit. County Counsel does not claim, nor does the Court find, any prejudice to Defendants should Plaintiff be allowed additional time to properly effectuate service. And though the Court agrees with Defendants that Plaintiff has not demonstrated diligence in attempting to effectuate service, in light of Plaintiff's *pro se* status and the relative leniency of the good cause standard, the Court GRANTS Plaintiff an extension to complete service of process on Defendants. This deadline is extended to May 30, 2026. Plaintiff is cautioned that any further requests for extensions of time will be disfavored and granted only upon a showing of good cause.

Plaintiff's motion additionally requests that the Court direct the United States Marshal Service to serve Defendants. Because Plaintiff is proceeding *in forma pauperis*, the Court DIRECTS the United States Marshal Service to serve, without prepayment of fees, a copy of the summons and operative complaint, any amendments or attachments, and this order on those Defendants.

**IT IS SO ORDERED.**

Dated: April 29, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

2